ARTHUR E. WILLIAMSON, D/B/A ARTHUR WILLIAMSON & CO., PLAINTIFF-APPELLANT, v. MAYOR AND GENERAL COUNCIL OF THE BOROUGH OF PARAMUS, DEFEND-ANTS-RESPONDENTS.

Argued December 5, 1961—Decided January 22, 1962.

*Mr. Robert A. Renna* and *Mr. Philip C. Geibel* argued the cause for the plaintiff-appellant (*Mr. Robert A. Renna,* attorney; *Mr. Philip C. Geibel,* on the brief).

*Mr. Thomas S. O'Brien* argued the cause for the defendants-respondents.

PER CURIAM. This matter involves the validity of the Sunday Closing Ordinance of the Borough of Paramus. The Law Division of the Superior Court rejected the attack on it, and we certified the ensuing appeal from the judgment before argument in the Appellate Division.

The borough adopted a Sunday Closing Ordinance which became effective on November 10, 1957. It was patterned after *N. J. S. 2A*:171–1 and forbade engaging in worldly

employment or business on Sunday, except works of necessity and charity. Excepted also were the preparation and sale of drugs, meals, prepared food and non-alcoholic beverages, and sales of alcoholic beverages which were otherwise subject to regulation under *Title* 33 of the *Revised Statutes*.

In the formative stages of the planning for the ordinance, the governing body was satisfied to sanction the activities authorized by *N. J. S.* 2*A*:171–6 if the voters of the municipality indicated their approval at a referendum in the manner provided for in the statute. Under that section of the state law, the general ban on Sunday activities could be modified to permit (a) printing, publishing and selling of newspapers, (b) sale and delivery of milk, (c) walking, riding or driving for recreation, (d) the hiring of conveyances for riding and driving, (e) engaging or taking part in any form of recreation, sport or amusement that is not unlawful on other days of the week, if in so doing other persons were not disturbed in their observance of Sunday, provided the voters of the particular municipality approved the modification at the election specified thereby. It was not necessary for the municipality to have passed a Sunday Closing Ordinance in order to take advantage of a section 6 referendum. It was proper and permissible to submit the question to the voters even though no such ordinance existed, and if they voted favorably, the strict operation of the *state act* would be qualified accordingly.

In order to accomplish the overall purpose, *i. e.*, the general Sunday employment and business ban, and to give the voters an opportunity to express themselves on the modification question, the Mayor and Council of the Borough included in section 3 of the proposed ordinance a provision to the effect that the activities referred to in section 6 of the State Sunday Closing Act should not be prohibited if the voters approved at a referendum in the manner described. The ordinance was adopted and arrangements made for it to become effective on November 10,

1957. Arrangements were made also to have the modification question put on the ballot for the general election to be held on November 5, 1957. No challenge is made on this appeal to the validity of the procedural mechanisms employed either with respect to the ordinance or the referendum.

On November 5 the voters approved the modification. The effect of approval was to exclude immediately from the general Sunday prohibition imposed by *N. J. S.* 2A:171–1 the sales and activities described in section 6 of that act. Contrary to plaintiff's contention that the referendum was a nullity because on November 5, 1957 there was no *municipal* enactment in existence to be modified, the modification would have come into being even in the absence of a general prohibitory ordinance in the borough. *N. J. S.* 2A:171–12. Moreover, when the ordinance became operative on November 10 the modification was drawn into it and given specific recognition by virtue of section 3 thereof.

Plaintiff also claims that the ordinance itself is void because it was based upon *N. J. S.* 2A:171–1, 2, and 6 to 12 of the State Sunday Closing Act, which this court held in *Two Guys from Harrison, Inc. v. Furman,* 32 *N. J.* 199 (1960), were impliedly repealed by *L.* 1959, Chapter 119. The precise challenge was overruled in *Masters-Jersey, Inc. v. Paramus,* 32 *N. J.* 296 (1960). There it was held that the ordinance represented an exercise of the municipal police power under *N. J. S.* 40:48–2, and did not depend for its life upon the cited sections of the impliedly repealed state statute.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.